# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**MICHAEL C. RUFFIN,**

    **Plaintiff,**

vs.                                                          **CASE NO. 4:09CV326-RH/AK**

**KAREN BROWN,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this cause pursuant to 42 U.S.C. §1983 against Karen Brown, an investigating police officer, for alleged false arrest and malicious prosecution relating to an arrest which took place on **July 17, 1997.** (Doc. 5). This cause should be dismissed on several grounds.

Despite two court orders, Plaintiff has failed to pay either the full filing fee or to submit a proper motion for leave to proceed in forma pauperis. (See Docs. 4 and 6). Thus, as explained to him in the show cause order entered on October 23, 2009, to which he made no response, he has failed to prosecute his lawsuit.

More substantively, his claims are barred by the statute of limitations.

A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations. Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999), citing Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594

(1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." Burton, 178 F.3d at 1188, *citing* Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir.1988).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint (doc. 5) be **DISMISSED** for failure to prosecute and because his claims are barred by the statute of limitations.

**IN CHAMBERS** at Gainesville, Florida, this  **3rd** day of December, 2009.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**No. 4:09cv326-RH/AK**